PROBER & RAPHAEL, A LAW CORPORATION
LEE S. RAPHAEL, ESQUIRE, #180030
CASSANDRA J. RICHEY, ESQUIRE #155721
20750 Ventura Boulevard, Suite 100
Woodland Hills, CA  91364
P.O. Box 4365
Woodland Hills, CA  91365-4365
(818) 227-0100
(818) 227-0637 (facsimile)
cmartin@pralc.com
Attorneys for Respondent
G.114-168

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ALLANA BARONI,<br><br>    Debtor.<br>_____<br><br>ALLANA BARONI,<br><br>    Plaintiff,<br>vs.<br><br>GREEN TREE SERVICING, LLC, SERVICING AGENT ON BEHALF OF BANK OF AMERICA, N.A. FORMERLY KNOWN AS COUNTRYWIDE HOME LOANS, INC., AND ITS ASSIGNEES AND ASSIGNS;<br><br>    Respondents.<br>_____ | Bankruptcy Case No.<br>1:12-bk-10986-AA<br><br>Chapter 11<br><br><br><br>Adversary Case No.<br>1:13-ap-01070-AA<br><br>MOTION TO DISMISS REORGANIZED DEBTOR'S FIRST AMENDED COMPLAINT FOR:<br>  1. DECLARATORY RELIEF TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN;<br>  2. UNJUST ENRICHMENT THROUGH QUASI CONTRACT;<br>  3. VIOLATION OF 15 U.S.C. SECTION 1692, ET SEQ;<br>  4. VIOLATION OF 12 U.S.C. SECTION 2605<br>  5. VIOLATION OF CALIFORNIA BUSINESS AD(SIC) PROFESSIONS CODE SECTION 17200, ET SEQ.<br>  6. ACCOUNTING; AND<br>  7. VIOLATION OF AUTOMATIC STAY<br><br>DEMAND FOR JURY TRIAL |

1

## MOVANT'S MOTION TO DISMISS ADVERSARY PURSUANT TO BANKRUPTCY RULE 7012(B), FRCP 12(b)(1), 12(b)(6), and 12(b)(7)

Green Tree Servicing, LLC, servicing agent on behalf of Bank of America, N.A., unsecured creditor (via valuation) in the above-entitled Confirmed Chapter 11 Plan in the within Chapter 11 Bankruptcy case, its assignees and/or successors in interest, holds a Chapter 11 unsecured claim, (no. 4 on the claims register including all amendments) which reflects a perfected junior lien on the subject property generally described as 2240 Village Walk Drive, Unit 2311, Henderson, Nevada 89052, and legally described as follows:

PARCEL ONE (1) – UNIT:

LIVING UNIT 2311, IN BUILDING 2 AS SHOWN ON THE FINAL MAP OF **THE DISTRICT AT GREEN VALLEY RANCH**, A CONDOMINIUM SUBDIVISION AND COMMON INTEREST COMMUNITY, ON FILE IN BOOK 119 OF PLATS, PAGE 7, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA (HEREINAFTER THE "PLAT").

PARCEL TWO (2) – COMMON ELEMENTS:

$1/88^{TH}$ INTEREST AS A TENANT-IN-COMMON IN THE COMMON ELEMENTS SHOWN ON THE PLAT, IN ACCORDANCE WITH AND SUBJECT TO THE TERMS OF THE DECLARATION OF COVENANTS, CONDITIONS AND RESTRICTIONS FOR **THE CONDOMINIUMS AT THE DISTRICT** RECORDED SEPTEMBER 27, 2004, IN BOOK 20040927 AS DOCUMENT NO. 0005038 IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA (HEREINAFTER THE "DECLARATION").

EXCEPTING THEREFROM, ALL UNITS SHOWN ON THE PLAT.

RESERVING THEREFROM, THE RIGHT TO USE ANY OF THOSE AREAS DESIGNATED AS LIMITED COMMON ELEMENTS IN THE PLAT AND/OR THE DECLARATION.

FURTHER RESERVING THEREFROM, FOR THE BENEFIT OF THE OWNERS OF ALL UNITS SHOWN ON THE PLAT (EXCEPT THE UNIT REFERRED TO IN PARCEL ONE (1) ABOVE), NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT AND OTHER PURPOSES ON, OVER AND ACROSS THE COMMON ELEMENTS, AS DEFINED IN, AND SUBJECT TO THE DECLARATION.

**PARCEL THREE (3) – LIMITED COMMON ELEMENTS:**

THE EXCLUSIVE RIGHT TO USE, POSSESS AND OCCUPY THE FOLLOWING, SUBJECT TO THE TERMS AND PROVISIONS OF THE DECLARATION:

    PARKING SPACE NUMBER: LCE-P-#37; AND

    STORAGE SPACE NUMBER: LCE-SG-#35,

ALL OF WHICH ARE DESCRIBED AS LIMITED COMMON ELEMENTS IN SECTION 5.2(a) AND 5.3(a) OF THE DECLARATION AND WHICH ARE APPURTENANT TO PARCELS ONE (1) AND TWO (2) DESCRIBED ABOVE.

TOGETHER WITH THE EXCLUSIVE RIGHT TO USE, POSSESS AND OCCUPY THE FOLLOWING, SUBJECT TO THE TERMS AND PROVISIONS OF THE DECLARATION:

    PARKING SPACE NUMBER: LCE-P-#38; AND

    STORAGE SPACE NUMBER: LCE-SF-#09,

ALL OF WHICH ARE HEREBY ASSIGNED AS LIMITED COMMON ELEMENTS IN ACCORDANCE WITH SECTION 5.2(b) AND/OR 5.3(b), AS APPLICABLE, OF THE DECLARATION AND WHICH ARE APPURTENANT TO PARCELS ONE (1) AND TWO (2) DESCRIBED ABOVE.

TOGETHER WITH THE AREAS DESIGNATED AS LIMITED COMMON ELEMENTS, ALLOCATED TO PARCELS ONE (1) AND TWO (2) IN THE DECLARATION.

**PARCEL FOUR (4) – APPURTENANT EASEMENTS:**

NON-EXCLUSIVE EASEMENTS FOR ACCESS, INGRESS, EGRESS, USE, ENJOYMENT AND OTHER PURPOSES ON, OVER AND ACROSS THE COMMON ELEMENTS AS DEFINED IN AND SUBJECT TO THE DECLARATION, WHICH EASEMENTS ARE APPURTENANT TO PARCELS ONE (1), TWO (2) AND THREE (3) ABOVE.

(Property" herein), and hereby submits the following Motion to Dismiss Adversary Complaint on the grounds that Plaintiff's 1st Amended Complaint (hereinafter "1st Amended") lacks subject-matter jurisdiction, fails to state a claim upon which relief can be granted; and has failed to join "necessary parties" if the Court herein upholds subject matter jurisdiction:

    Defendant, Green Tree Servicing, LL, hereinafter referred to as "Movant," files its

Motion to Dismiss Adversary Complaint, (hereinafter "Motion to Dismiss") through its attorneys, Cassandra J. Richey, counsel for Green Tree Servicing, LLC, servicer for beneficiary, The Bank of New York Mellon fka The Bank of New York, as successor to JPMorgan Chase Bank, N.A. as Trustee for the Certificateholders of CWHEQ Revolving Home Equity Loan Trust, Series 2005-D and prior servicers' by assignment, as follows:

## I. **INTRODUCTION**.

The Motion to Dismiss is based upon Plaintiff's lack of subject matter jurisdiction and the failure to state a claim upon which relief can be granted. Specifically, Plaintiff's Complaint, which requests "Declaratory Relief to Determine the Nature, Extent and Validity of Lien" is moot as the Order Confirming the 2nd Amended Chapter 11 Plan of Debtor bound Debtor as well as holder of Claim no. 4 to be treated as unsecured. Thus Plaintiff's 1st Amended requests in the first claim for relief on page 12, "declaratory relief to determine the nature, extent and validity of a lien." The Defendant's lien has already deemed void and unsecured and is res judicata upon completion of Plaintiff's 2nd Amended Plan. A true and correct copy of the Plaintiff's 2nd Amended Plan and Confirmation Order are attached hereto as **Exhibit "1"** and incorporated herein by reference.

The Plaintiff's Second, Third, Fourth, Fifth, and Sixth Claims for Relief is based in the 1st Amended Complaint on state contract law or the application of Federal law pursuant to contract law in regards to Fair Debt Collections Acts and should be heard in state court according to the precepts of Stern v. Marshall, 131 S.Ct 2954 (U.S. 2011). Indeed, the concept of "unjust" enrichment implies that Defendant would receive payments of some kind, but Plaintiff's Confirmed 2nd Amended Chapter 11 Plan terms do not require Debtor to make any payments whatsoever to any secured or unsecured creditor while an adversary action is pending. Not

3

surprising, no payments are being made to any secured creditor listed in Plaintiff's 2nd Amended Chapter 11 Plan because she has filed adversary actions against all of them for one reason or another. Defendant Requests the Court take Judicial Notice pursuant to Federal Rules of Evidence 201 of the multiple adversary proceedings pending against Plaintiff's Secured Creditors. There is no danger that Defendant will be unjustly enriched as Defendant isn't receiving any payments from Plaintiff and it appears that Plaintiff has no intent to make any payments on Defendant's claim. See, 2nd Amended Plan, pages 19-20 of 44, line 8 "Disputed Claims Reserve;" page 33 of 44, "n", lines 13-27. See Also, page 47 of 2nd Amended Plan, listing Green Tree Servicing, LLC as "Disputed" "Yes" Claim is Duplicative of a Scheduled Claim; The identity of the rightful claim holder is in dispute; but see, Exhibit 2 to the 2nd Amended Disclosure Statement and Plan which does not reflect Defendant as an enumerated Entity liable for suit on a laundry list of claims; pages 51-61.

As to the subject matter jurisdiction on the Plaintiff's 7th Claim for Relief regarding violation of the automatic stay, Plaintiff admits that she filed a Chapter 13 case in bad faith that was immediately converted to one under Chapter 11 effective February 29, 2012. Therefore, any alleged violation of the "co-debtor" stay in a Chapter 13 would terminate upon conversion to Chapter 11, as there is no co-debtor stay in a Chapter 11 case. Indeed, while Defendant was on the mailing matrix for the original Chapter 13 case, the Plaintiff admits that the attorney for Defendant was not served with the notice of bankruptcy, nor are any damages alleged in light of the subsequent dismissal on July 20, 2012 of the Los Angeles Superior Court case filed against Allana Baroni and James Baroni as Defendants. See, Plaintiff's Complaint at page 21, paragraphs 90-99. Therefore, the Plaintiff fails to state a claim upon which relief can be granted against Movant and Movant hereby moves to dismiss Plaintiff's Complaint pursuant to Federal

4

Rule of Civil Procedure Rule 12(b)(6) and Bankruptcy Rule 7012(b).

In addition, Plaintiff states that Defendant has not provided proof of the beneficiary and holder of the original Home Equity Line of Creditor, but Plaintiff both admits that she owes on the obligation, she attached a "Hello Letter" from Defendant to the Adversary Complaint stating that Green Tree was the servicer for the beneficiary, The Bank of New York Mellon fka The Bank of New York, as successor to JPMorgan Chase Bank, N.A. as Trustee for the Certificateholders of CWHEQ Revolving Home Equity Loan Trust, Series 2005-D (hereinafter "Beneficiary") that matches the evidence provided in Defendant's responses to discovery pursuant to an Order on 2004 Examination by Defendant and matches Defendant's proof of claim statements and evidence provided.

## II.  FACTS

Movant assumes the following allegations of the Plaintiff's Complaint as true only for purposes of this Motion to Dismiss only.

Allana Baroni ("Debtor") is an individual and the Debtor for a confirmed 2nd Amended Chapter 11 Plan herein.

Movant is the current payee as a servicer for the beneficiary and a holder in due course of a Home Equity Credit Line Agreement and Disclosure Statement dated May 19, 2005 (hereinafter "Note") (which is a negotiable instrument) in the original principal amount of $134,998.00 (the "Note") secured by a junior deed of trust of same date, which has been deemed unsecured via confirmation of Plaintiff's 2nd amended Plan terms and Confirmation and for which Debtor has made zero post-confirmation payments to Defendant

On February 1, 2012, Debtor filed the instant Petition under **Chapter 13** of the Bankruptcy Code.

5

On February 29, 2012, Debtor converted the case to one under **Chapter 11** but did not extend the Deadline to file Proof of Claims, but eventually filed a Motion for Order setting Bar Date of September 17, 2012, on or about July 13, 2012 the Order was entered regarding the bar date for claims.

On March 30, 2012, Movant filed its original POC, Claim no. 4-1 which was subsequently amended to correct the attached Deed of Trust on February 1, 2013 as Claim No. 4-2.

Debtor amended her Schedules A, B, C, D, F, G, H, I and J after the bar date had passed on or about October 3, 2012.

On or about January 9, 2013, at docket entry 251, Plaintiff Borrower filed a Motion for 2004 Examination of Defendant, and an Order Thereon at Docket Entry 254 on the same date which was entered the same date.

On or about January 10, 2013 at docket entry 261, Plaintiff filed a Notice of Errata on the documents filed in support of 2004 Examination and the Order entered at docket entry No. 254. Plaintiff lodged an "additional Order" on its Motion for 2004 Exam on January 11, 2013 at docket entry 265. The additional Order on 2004 Exam was signed on January 11, 2013 at docket entry no. 270.

On January 15, 2013 Plaintiff filed a "Notice of Subpoena" on Defendant regarding Proof of Claim 4-1 filed by Defendant.

On February 1, 2013 an Amended Proof of Claim was filed (Proof of Claim 4-1 was amended to correct loan documents attached, including a recorded Deed of Trust for the junior lien, as Proof of Claim 4-2) and to correct the name of the Debtor from the co-obligor James Baroni to Allana Baroni. Allana Baroni appeared on the original Proof of claim 4-1 in the body of the Proof of Claim.

6

On or about February 4, 2013, Defendant was excused from attending 2004 examination in exchange for responses to Discovery Requests and Production of Documents by agreement of the parties.

On or about April 15, 2013, the Court entered the Order Confirming the Debtor's 2nd Amended Chapter 11 Plan.

On April 3, 2013, Debtor filed the contested Adversary Complaint via her Pro Hac Vice attorney, Michael Riley which was subsequently Amended on January 6, 2014.

ADVERSARY PROCEEDINGS

1. On October 9, 2013 Louis Esbin filed for Michael Riley, attorney of record a request for entry of default in the Adversary Proceeding.

2. After hearing on, November 20, 2013, granting Defendant's Motion to Vacate Clerk's default, the parties agreed that the Motion to Dismiss Adversary Complaint must be filed by December 2, 2013 and a hearing set on regular notice, the first week of January 2014, on the Motion to Dismiss, the Plaintiff's 1st Amended Complaint was filed in lieu of a hearing on Defendant's Dismissal of the Adversary Complaint.

**III.    GROUNDS FOR DISMISSAL OF ADVERSARY COMPLAINT**

Movant's Motion to Dismiss must be granted as the Plaintiff's 1st Amended Complaint is vague, illogical and, on its face, fails to state a cause of action against Defendant and is barred by continuing with the legal action by the confirmed terms of the Plaintiff's 2nd Amended Disclosure Statement and Chapter 11 Plan.

Defendant concedes that its lien was deemed unsecured by Confirmation of Order of Debtor's 2nd Amended Plan entered on the Court's docket on April 15, 2013 and contends that the 2nd Amended Plan terms are binding on both Plaintiff and Defendant as to whether Defendant's lien remains. Defendant further contends that as Plaintiff Debtor did not list Green

Tree Servicing, LLC as a "party" subject to post-confirmation litigation on a laundry list of amazingly specific claims against specified parties, the Plaintiff is barred from pursuing Green Tree Servicing, LLC by the terms of her Confirmed 2nd Amended Chapter 11 Plan. See, 2nd Amended Plan, pages 19-20 of 44, line 8 "Disputed Claims Reserve;" page 33 of 44, "n", lines 13-27. See Also, page 47 of 2nd Amended Plan, listing Green Tree Servicing, LLC as "Disputed" "Yes" Claim is Duplicative of a Scheduled Claim; The identity of the rightful claim holder is in dispute; But See, Exhibit 2 to the 2nd Amended Disclosure Statement and Plan which does not reflect Defendant as an enumerated Entity liable on a laundry list of claims; pages 51-61.pages

Plaintiff's own documents filed in support of the original Adversary Complaint show that Green Tree, LLC is a servicing agent on behalf of the beneficiary and entitled to collect, said notice going to Debtor pre-petition on June 17, 2010 pre-petition. These documents are an admission against interest, as Plaintiff concedes she signed the Note that is attached to the Proof of Claim 4-2.

Debtor's Confirmed 2nd Amended Chapter 11 Plan provides for objections to claims regarding disputed claims for Disputed Unsecured Claims, See, Page 34 of 326 for Debtor's 2nd Amended Plan, "Additional Comments: Class Nine includes the unsecured portion of Classes Five, Six and Seven (including the duplicative proofs of claims identified therein) and the wholly unsecured junior lienholder of a second positioned deed of trust encumbering the Henderson Property in the amount of $135,395.60, which was scheduled as the disputed secured claim of Countrywide Home Loans, Inc., and for which duplicative claim has been filed by Green Tree Servicing, LLC in proof of claim number 4-1." [at the time this 2nd Amended Plan was filed with the Court on 3/20/13, Proof of Claim 4-2 had been filed and sent to Debtor and Debtor's counsel of record, so there was no "duplicate claim, there was an amended claim']. See

Claim Register, Claim No. 4-1 and 4-2. "There will be protracted litigation and claim objections relating to these claims which may result in setoffs against such claims. For this reason they are separately classified from the undisputed general unsecured claims. The Disbursing Agent will open a "General Unsecured Reserve Account" which will be held in trust for allowed claim holders as described above in Section X." There is no mention of adversary proceedings to dispute unsecured claims, only "protracted litigation" of an unknown nature, and "objections to claims" for the alleged duplicate claims. Furthermore, the Debtor knew or should have known that Countrywide Home Loans, Inc. was not the beneficiary of Claim no. 4-2 as she had been informed two years prior to filing her bankruptcy case of the name of the beneficiary and the current servicing agent Green Tree. See, Admissions Against Interest, attached as Exhibit G to the Request for Judicial Notice previously filed in the within Adversary Proceeding.

Furthermore, Debtor's Claim Register shows only one Proof of Claim and an Amended Proof of Claim filed regarding the junior lien for the Henderson Nevada property and the pro-rata distribution on this claim is limited (as Debtor's Plan terms do not redistribute funds on disallowed claims to other unsecured claims but rather return those funds to Debtor in violation to 11 U.S.C. Section 1129(a)(7)).

Debtor has not pled with specificity that Green Tree received any payments whatsoever that are evidence of "unjust enrichment" in that Debtor alleges she ceased making payments on the loan prior to the transfer of servicing rights to Green Tree Servicing.

**IV.    CONCLUSION**

The Defendant respectfully requests that this honorable Court dismiss the 1st Amended Adversary Complaint for failure 1) lack of subject matter jurisdiction; 2) for failure to state a cause of action in regards to release of a lien already deemed res judicata as unsecured; and 3) on the basis that the Plaintiff's very specific confirmed 2nd Amended Plan terms did not include

9

Defendant as a party subject to a laundry list of state and federal claims but only subject to an objection to the claim as "duplicative."

The fact that Plaintiff scheduled Defendant's claim under a different name Countrywide Home Loans, Inc., when she knew the current servicer of the beneficiary to the claim was Green Tree, is just evidence of Plaintiff's unrelenting attempt to avoid payment on debts admittedly owed.

Based on the foregoing facts and applicable law, Defendant respectfully requests:

1. That the Motion to Dismiss the First Amended Adversary Complaint pursuant to 12(b)(6) and 12(b)(1) be granted;

2. For such other relief as this Court deems proper.

Dated: February 4, 2014                        Prober & Raphael, A Law Corporation

                                               By /s/ Cassandra J. Richey
                                                  Cassandra J. Richey, Esq., #155721
                                               Attorneys for Defendant / Movant