MARY KATE SULLIVAN (State Bar No. 180203)
mks@severson.com
BERNARD J. KORNBERG (State Bar No. 252006)
bjk@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Green Tree Servicing LLC Now Known As Ditech Financial LLC, Bank of America, N.A., Bank of America Corporation, and The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2005-D

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>Allana Baroni,<br><br>    Debtor.<br><br>Allana Baroni,<br><br>    Plaintiff,<br><br>vs.<br><br>Green Tree Servicing LLC *et al.*,<br><br>    Defendants. | Case No. 1:12-bk-10986-AA<br><br>Chapter 11<br><br>Adv No. 1:13-ap-01070-AA<br><br>**DEFENDANTS' APPLICATION TO FILE DOCUMENTS UNDER SEAL**<br><br>Date:  No Hearing Necessary<br>Time:  No Hearing Necessary<br>Place: Courtroom 303<br>       21041 Burbank Blvd<br>       Woodland Hills, CA 91367<br><br>Judge: Hon Martin R. Barash |

Defendants Green Tree Servicing LLC Now Known As Ditech Financial LLC ("Green Tree"), Bank of America, N.A. ("BANA"), Bank of America Corporation ("BAC"), and The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2005-

11293.0509/10818971.1

APPLICATION TO FILE UNDER SEAL

D ("BONY") (collectively "Defendants") hereby apply for an order to file certain documents to the Court under seal, as these documents contain Defendants' protected commercial information. This motion is brought pursuant to 11 U.S.C. 107(b), Federal Rules of Bankruptcy Procedure ("F.R.B.P.") 9018, and the procedures of Judge Martin R. Barasch as set forth by the Court during the October 24, 2016 status conference.[1]

This application is based upon the following memorandum of points and authorities and accompanying declarations of Mark McCloskey, Christly L. Christensen, and Bernard J. Kornberg, all filed concurrently herewith, the pleadings and papers on file in this action and in the underlying bankruptcy case, and upon such further evidence, both oral and documentary, as may be offered at the time of the hearing.

DATED: August 11, 2017

SEVERSON & WERSON
A Professional Corporation

By: /s/Bernard J. Kornberg
Bernard J. Kornberg

Attorneys for Green Tree Servicing LLC Now Known As Ditech Financial LLC, Bank of America, N.A., Bank of America Corporation, and The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2005-D

---

[1] As set forth by the Court at the October 24, 2017 hearing, parties before Judge Martin Barasch need not comply with the procedures for filing under seal as set forth in the Court Manual for the Central District of California. Instead, the party seeking to file documents under seal may file the motion and redact all documents which the party asserts should be sealed. Concurrently, the party shall file an application to file documents under seal and serve the documents to be filed under seal on both the Court and opposing counsel. The Court will then review the application and rule on it.

11293.0509/10818971.1                             2

## MEMORANDUM OF POINTS AND AUTHORITIES

This case arises out of a claim objection by plaintiff Allana Baroni ("Debtor") along with derivative claims that arise out of the claim objection. The proof of claim arises out of Debtor's Home Equity Credit Line Agreement and Disclosure Statement (the HELOC'). The vast majority of the allegations of the complaint, and the lawsuit, allege that Defendants Green Tree Servicing LLC Now Known As Ditech Financial LLC ("Green Tree"), Bank of America, N.A. ("BANA"), Bank of America Corporation ("BAC"), and The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2005-D ("BONY") (collectively "Defendants") do not have standing to assert rights in the HELOC.

Concurrently with this motion, Defendants are filing a motion for summary judgment. To support the motion for summary judgment, Defendants are filing a variety of exhibits relating to the origination of the HELOC, the securitization of the HELOC, the servicing of the HELOC, and the transfer of the HELOC to BONY. While the vast majority of these exhibits are non-confidential and can be placed in the public record, a small subset of these documents are confidential documents. The documents contain commercial information, that if released, would disadvantage Defendants' ability to do business. As such, Defendants seeks an order authorizing the filing of the documents under seal.

### I. THE DOCUMENTS TO BE FILED UNDER SEAL

Defendants seek to have the following documents filed under seal in support of the Motion for Summary Judgment ("the Confidential Records").

| Document to Be Filed Under Seal | Location in Motion for Summary Judgment |
|---|---|
| General Services Agreement Dated December 11, 2009 | Exhibit A to Declaration of Derrick Stewart |
| Collection Agreement, Dated February 21, 2013 | Exhibit G to Declaration of Derrick Stewart<br>Exhibit H to Declaration of Mark McCloskey |
| Agreement of Resignation and Assumption, Dated October 1, 2006 | Exhibit F to Declaration of Mark McCloskey |
| Assumption Agreement Dated February 1, 2013 | Exhibit G to Declaration of Mark McCloskey |
| Mortgage Loan Schedule | Exhibit J to Declaration of Mark McCloskey |
| Assumption Agreement to Custodial Agreement, Dated February 1, 2013 | Exhibit K to Declaration of Mark McCloskey |

Declaration of Bernard J. Kornberg ("Kornberg Decl.") at ¶ 4.  Concurrent with this motion, Defendants will serve unreacted copies of these documents in a sealed envelope on the Court and on Debtor's counsel.  Kornberg Decl. at ¶¶ 9-10.

The documents that Defendants seek to file under seal fall into two categories.

The first category of document that Defendants requests this Court allow to be filed under seal are internal contracts and related documents effectuating the securitization of the HELOC. These documents are The Agreement of Resignation and Assumption, dated October 1, 2006, the Assumption Agreement dated February 1, 2013, the Mortgage Loan Schedule, and the Assumption Agreement to Custodial Agreement dated February 1, 2013.  Kornberg Decl. at ¶ 6.

The second category of documents relate to the hiring of servicers to handle the collection of the HELOC and other loans.  These documents are the General Services Agreement between Green Tree Servicing LLC and Countrywide Home Loans and Collection Agreement between Specialized Loan Servicing LLC and Green Tree Servicing.   Kornberg Decl. at ¶ 7.

These Confidential Records derive value to Defendants from not being publicly known, and are not ordinarily made available to third parties.  Public filing of this information would put

Defendants at a competitive disadvantage by revealing non-public valuable information about Defendants' internal procedures and trade practices. Defendants' competitors in the mortgage banking, loan servicing industry, and commercial banking industry would gain an unfair advantage if allowed access to this information as they would be able to know the procedures and practices of Defendants relating to the securitization and servicing of loans. Defendants take efforts to keep these records confidential, and they are not normally shared with individuals outside of Defendants' employees or attorneys. On information and belief, the counterparties to each agreement take the same precautions regarding sharing the agreements outside of their respective companies. Declaration of Mark McCloskey at ¶ 4; Declaration of Christy L. Christensen at ¶ 4.

## II. THE DOCUMENTS ARE SUBJECT TO A PROTECTIVE ORDER

All of these documents are subject to a stipulated protective order and are prevented from disclosure by the parties from filing them in the public record. On September 28, 2015, this Court entered a stipulated protective order. Protective Order, Adv. Dkt. # 123. This protective order provides that either party designate documents as "CONFIDENTIAL" if they "qualify for protection under standards developed under Fed. R. Civ. P. 26(c)" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if disclosure would "create a substantial risk of injury that could not be avoided by less restrictive means." Stipulated Protective Order at § 2.3,2.4, Adv. Dkt. # 121.

The protective order further provides that once a document has been designated as protected, it may not be filed in the public record, but that a party may file it under seal. Protective Order at § 10, Adv. Dkt. # 121. If a documents has been designated by protected, all the parties to the protective order must not "unreasonably withhold consent and execute" a stipulation to file the designated documents under seal. Protective Order at § 10, Adv. Dkt. # 121

In this matter, all of the Confidential Records that have been previously been produced have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Kornberg Decl." at ¶ 8. Concurrent with the filing of this application, Defendants will serve on Debtor copies of all Confidentail Records with the appropriate confidentiality

1  designation affixed to the Confidentail Records.  Kornberg Decl." at ¶ 9.  Counsel for Defendants

2  previously requested that Debtor enter into a stipulated order to file under seal, but Debtor violated

3  the Protective Order by unreasonably withholding her consent to a stipulated protective order.

4  Kornberg Decl." at ¶¶ 11-12, Ex. A.  Accordingly, Defendants file this application.

### III.  THE DOCUMENTS CONTAIN PRIVATE AND COMMERCIAL INFORMATION AND SHOULD BE FILED UNDER SEAL

7  Section 107 of the Bankruptcy Code states in part:

> (b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
>
> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

14  11 U.S.C. § 107(b).  Bankruptcy Rule 9018 and 9037 allow a Court to order the documents

15  covered by this section may be filed under seal.

16  Courts have held that "once it is established that the information sought to be protected fits

17  in any of the categories or definitions in § 107(b), the court is required to protect a requesting

18  interested party and has no discretion to deny the application.'" *In re Farmland Indus.*, 290 B.R.

19  364, 368 (Bankr. W.D. Miss.2003).  Moreover, protective orders and filings under seal are the

20  primary means by which the courts ensure full disclosure of relevant information, while still

21  preserving the parties' (and third parties') legitimate expectation that confidential business

22  information, proprietary technology and trade secrets will not be publicly disseminated. *See, e.g.*

23  *Johnson Controls, Inc. v. Phoenix Control Systems,* 886 F.2d 1173, 1176 (9th Cir.1989); *Henry*

24  *Hope X–Ray Products Inc. v. Marron Carrel, Inc.* 674 F.2d 1336, 1343 (9th Cir.1982). *In re*

25  *Adobe Sys., Inc. Sec. Litig.,* 141 F.R.D. 155, 161-62 (N.D. Cal. 1992).

26  Defendants should be allowed to file these documents under seal because they are

27  commercial information protected by section 107(b).  "Commercial information has been defined

28  as information which would cause "an unfair advantage to competitors by providing them

information as to the commercial operations of the debtor." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (internal quotation omitted).  Commercial information is different from trade secrets, and must be protected even if it falls to a lower level of confidentiality.  *Id.; In re El Toro Exterminator of Florida, Inc.*, 2006 WL 2882519 (Bankr. S.D. Fla. July 6, 2006).  Courts have repeatedly found that documents which describe the terms of complex sale agreements are commercial information as they would provide other companies an advantage when negotiating agreements against, or even with, the parties to the document containing commercial information.  *Orion Pictures Corp.*, 21 F.3d at 27;  *Pac. Architects & Engineers Inc. v. U.S. Dept. of State*, 906 F.2d 1345, 1348 (9th Cir. 1990) (under the similar FOIA "commercial or financial information" exemption); *Flathead Joint Bd. of Control v. U.S. Dept. of Interior*, 309 F. Supp. 2d 1217, 1221 (D. Mont. 2004) (under the similar FOIA "commercial or financial information" exemption); *El Toro Exterminator*, 2006 WL 2882519

The contract contracts relate to the sale, servicing, and transfer of mortgage loans between private corporations, and define nearly every aspect of that relationship.  If the information was placed on the public record, it would allow competitors to see the terms that Defendants negotiate with potential buyers and loan services and to unfairly use that information to their advantage.  None of the documents are in the public record, and Defendant requested in this case, and in every case where similar documents may be produced, appropriate protective orders.

### IV.  CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion and order the filing under seal the Confidential Records.

1  DATED: August 11, 2017                SEVERSON & WERSON
                                         A Professional Corporation

        By: _____/s/ Bernard J. Kornberg_____
                      Bernard J. Kornberg

Attorneys for Green Tree Servicing LLC Now Known As Ditech Financial LLC, Bank of America, N.A., Bank of America Corporation, and The Bank of New York Mellon f/k/a The Bank of New York as successor Indenture trustee to JPMorgan Chase Bank, National Association for CWHEQ Revolving Home Equity Loan Trust, Series 2005-D

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

A true and correct copy of the foregoing document entitled (*specify*): DEFENDANTS' APPLICATION TO FILE UNDER SEAL; DECLARATIONS OF MARK MCCLOSKEY, CHRISTLY L. CHRISTENSEN, AND BERNARD J. KORNBERG will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) August 11, 2017 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Richard L Antognini     rlalawyer@yahoo.com, rlalawyer@yahoo.com
•Louis J Esbin     Esbinlaw@sbcglobal.net
•Bernard J Kornberg     bjk@severson.com, elw@severson.com
•Jeannette Marsala     jmarsala@marsalalawfirm.com, jmarsala@marsalalawfirm.com
•Michael S Riley     mriley8@aol.com, 10986aa@gmail.com
• United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) August 11, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| August 11, 2017 | Erica Wheelock Holloway | /s/ Erica Wheelock Holloway |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

This Application and all supporting documents will be served on the Court via Federal Express, along with a sealed envelope containing the Confidential Records. by August 14, 2017, at the following address

Hon. Martin R. Barasch
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342 / Courtroom 303
Woodland Hills, CA 91367

The Confidential Records in this matter will be served on Debtor's counsel via overnight Federal Express and Email on August 11, 2017 at

Richard L. Antognini, Esq.
Law Office of Richard L. Antognini
2036 Nevada City Highway, Suite 636
Grass Valley, California 95945-7700

This Application will be served on Debtor's Counsel via ECF only.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      **F 9013-3.1.PROOF.SERVICE**